# Gibbs & Sterrett Manufacturing Company *versus* Goe.

A *feme sole* trader, having capital and tools of her own, may employ her husband to superintend the business and have the benefit of his skill and labor; and additional property produced by means of such skill and labor belongs to her, and cannot be levied upon by his creditors. The property acquired is the result of the original investment, and her husband's creditors have no more right to levy upon it than the creditors of any other person employed by her as a clerk or servant.

ERROR to the Court of Common Pleas of *McKean County*.

Feigned issue under the sheriff's interpleader act by Mrs. N. D. Goe against the Gibbs & Sterrett Manufacturing Company to determine the ownership of certain goods levied upon by the defendant as the property of N. D. Goe, husband of the plaintiff.

Upon the trial in the Court below before WILSON, A. L. J., the following facts appeared:

On March 26th, 1880, judgment was entered against N. D. Goe *et al.* by the Gibbs & Sterrett Manufacturing Company, and a levy made upon, *inter alia*, one cable, one auger stem with jars attached, one auger stem, two sinker bars, and two bits.

The plaintiff in the feigned issue presented a petition to the Court, May 19th, 1879, asking to be declared a *feme sole* trader, under the act of April 3d, 1872, and her application was granted.

Her husband was feeble and unable to work. In 1879 his

brother proposed to her that if she would become a *feme sole* trader that he and another brother of the husband would give her a set of tools for drilling oil-wells. She then made the application as above, and they gave her the tools. Her husband had a knowledge of the business, and though he was unable to do any manual labor, he could oversee and take charge of the work. He took contracts in the name of his wife, acting as her agent, which she fulfilled by using the tools. It became necessary to have them repaired, and to get additional tools. On the strength of her credit W. H. Tinsman let her have about $2000 worth of tools, and he made repairs to the value of $40. He made for her the auger stem with jars attached, one of the sinker bars and the two bits, and repaired the other auger stem and the other sinker bar. The second auger stem and sinker bar Goe testified he bought for her on credit from James O'Neill.

John C. Backus testified that the plaintiff had entered into a contract to drill a well for him, and that he bought the cable and charged it to her on the price of the drilling.

Counsel for defendant asked the Court to charge:

1. If the articles in question were acquired by the skill and superintendence of the husband even while acting ostensibly as the agent of the wife, that she cannot hold them as against the husband's creditors.

2. That even if the wife did own a set of drilling-tools and afterwards allowed the husband, who was indebted, to make contracts, manage the property, and by means of the labor, skill, and management of the husband in procuring contracts and managing the set of tools new tools were purchased, yet the husband was the owner of this newly acquired property in favor of his creditors.

The Court charged the jury as follows:

"[The plaintiff in this case, to sustain her action, has called Mr. Tinsman for one of her witnesses, and he tells you that prior to 1879 he had been dealing somewhat with N. D. Goe, and that in 1879 he learned that Mrs. Goe had made an application to the Court to become a *feme sole* trader, as it is termed; and we find by the evidence that Mrs. Goe did make the application in May, 1879, and the Court granted her the right under the statute to become a *feme sole* trader. This statute was passed in 1872, and reads as follows: (The Court then read the statute.)

"If this act of Assembly has any construction at all, it must be construed to mean that after a married woman has had the benefit of the act by the granting of her application, she is then to be in the same situation as a single woman, and

[Gibbs & Sterrett Manufacturing Company *v.* Goe.]

this may be shown by the records of the Court. If any person desires to issue an execution against the husband they can ascertain her situation by coming to the records, and then everybody is presumed to know the situation of the woman from the time that application is granted and it is filed. Then from the time that Mrs. Goe filed her petition in this Court and it was allowed, she stood to all the world and to her husband as a business woman, entitled to the control of all her property, the same as a single woman, and the only distinction is that when the wife is brought into Court in case when the ownership of property is in dispute, then it becomes the duty of the woman claiming such title, and she is compelled in the first instance, to show title to the same.]

" This woman has shown that she is entitled to the benefits of this act, and she is now in Court claiming title. Has she shown title? That is the question for the jury. If she has not, she is not entitled to recover.

   *   *   *   *   *   *

" The simple question before you is whether this plaintiff was a *bona fide* purchaser of this property. She is in the situation of a single woman, so far as the law is concerned, to control her property and to do with it the same as any person, except when she comes into Court she must prove to the satisfaction of the Court that she is the owner of the property. You will say whether you find that these goods are the goods of the plaintiff, Mrs. Goe, or not. If you find so you will make such return. You will return whether the title to the following goods are in the plaintiff; a list will be furnished you. [It is a question of fact entirely for you to say whether she has introduced evidence here to satisfy you that this was a *bona fide* transaction.] If there is any evidence in this case to satisfy you that this is a concocted scheme by fraud between the husband and wife to defraud the creditors of the husband, and not a *bona fide* transaction, then you will say that these are not the goods of the wife. But you must remember that whoever alleges fraud must prove fraud to the satisfaction of the jury. If there is evidence in this case that satisfies the jury that there is fraud, and that this was not a *bona fide* transaction, then you will find against her. But if you find that this was a *bona fide* transaction by the woman for the purpose of taking care of and supporting herself and family, and that this purchase was honest, then the goods were not subject to the execution of her husband's creditors at all. . . . .

" Answer to the defendant's first point :

" We negative this point, and say we refuse to charge as

requested, because we regard this whole thing as a question of fact for the jury.

"Second point. That point we negative. We do not regard it as a good proposition in law. But the main reason we negative the proposition is that it is a question of fact for the jury to determine whether this set of tools was bought by the woman in good faith, and whether she has given you such evidence as satisfied you of that fact. If the jury believe that this woman bought in good faith this property under the act of Assembly, and that it was not with a view to defraud or cheat creditors, then you say she is entitled to recover. But if you do not so find, you will render a verdict against her."

Defendant excepted to the charge and the answers to the points.

Verdict for the plaintiff for the articles named, on which judgment was afterwards entered.

Defendant took out a writ of error, assigning as error those portions of the charge within brackets, and the answers to the points as above.

*J. V. McIntyre* and *Sterrett & Rose* for plaintiff in error.

The act of April 3d, 1872, does not increase the power of a married woman to incur indebtedness : Ward v. Whitney, 5 W. N., 492. It merely gives them the right to retain and have control of their property of which they are the owners in their own right at the time of making their application, and their separate earnings, and not the earnings of their husbands. It did not open new doors for her to purchase property, contract debts, and increase her liabilities. The husband would be liable for any debts so contracted : Keeney v. Good, 9 H., 349 ; Robinson v. Wallace, 3 Wr., 129. The newly acquired property belonged to the husband, and was subject to his debts.

*Backus & Gorton* for defendant in error.

The judge of the Court of Common Pleas, in Ward v. Whitney, 5 W. N., 492, erred in his construction of the act of April 3d, 1872 : Silveus v. Porter, 24 P. F. Smith, 448 ; Seeds v. Kahler, 76 Penna. State, 262 ; Musser v. Gardner, 66 Penna. State, 242 ; Brown v. Pendleton, 60 Penna. State, 419 ; Rush v. Vought, 55 Penna. State, 437 ; Wieman v. Anderson, 42 Penna. State, 311 ; Welch v. Kline, 7 P. F. Smith, 428 ; Flick v. Devries, 14 Wr., 266 ; Sixbee v. Bowen, 10 Norris, 149.

PER CURIAM : This case was fairly submitted to the jury with proper instructions. The defendant, who was a mar-

ried woman, had, according to the evidence, a set of drilling tools given to her by her brothers.    She engaged in the business and employed her husband to superintend it.    He had the right to give her his labor and skill, and his creditors could not levy upon her property produced by means of such labor and skill with her original capital.    All that she acquired was the result of her original investment, and her husband's creditors had no more right to levy upon it than the creditors of any other person employed by her as a clerk or servant.

Judgment affirmed.